IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
LARRY V. SHIRLEY,                 :
                                  :
     Plaintiff,                   :
                                  :
v.                                :        CIVIL ACTION 03-0450-M
                                  :
KIMBERLY-CLARK CORPORATION        :
PENSION PLAN and KIMBERLY-CLARK   :
CORPORATION MEDICAL PLAN,         :
                                  :
     Defendants.                  :
```

## MEMORANDUM OPINION AND ORDER

This action comes before the Court on the following pleadings: Plaintiff's "Motion to Alter, Amend or Vacate Court's Memorandum, Opinion and Order Granting Defendant's Motion for Summary Judgment in Part and Denying Plaintiff's Motion for Summary Judgment" (Doc. 63), Defendant Kimberly Clark Corporation Medical Plan's (hereinafter *KC Medical*) "Motion for Reconsideration of the Court's Denial of Defendants' Motion for Summary Judgment on the COBRA Claim" (Doc. 65), Defendants' Response to Plaintiff's Motion (Doc. 67), Defendant Kimberly Clark Corporation Medical Plan's "Reply" (Doc. 71), and Plaintiff's "Reply" (Doc. 73). These pleadings all concern this Court's Memorandum Opinion and Order which was entered on April 15, 2005 (Doc. 59).

To the extent that Plaintiff and Defendants request that this Court reconsider the decisions reached in its Memorandum, the motions are **GRANTED** (Docs. 63, 65).  However, after further consideration of all pleadings entered subsequent to the Order, Plaintiff's Motion to Alter, Amend or Vacate (Doc. 63) is **DENIED** and Defendant KC Medical's Motion for Reconsideration (Doc. 65) is **GRANTED**.

The Court finds it unnecessary to address questions raised regarding its prior ruling concerning the Pension Plan. However, a short explanation of its reversal of the COBRA claim will be necessary.

This Court previously denied Plaintiff's and Defendants' Motions for Summary Judgment as to the COBRA claim because it determined that there was a factual issue which it should not resolve (Doc. 59, pp. 18-21).  Defendant Medical Plan has, however, convinced the Court that the appropriate course of action is for the Court to make a legal determination as to whether Defendant KC Medical acted properly in terminating Shirley's COBRA coverage.  To do so requires a determination as to the standard for reviewing Defendant's actions.

The Medical Plan is administered by the Salaried and Hourly Welfare Plans Committee which "shall have the discretion to interpret and construe the provisions of the Plan, to determine all questions of eligibility and the status

and rights of Beneficiaries and other persons under the Plan" (Doc. 45, Exhibit I, KCC00722, ¶ 3). The Plan further states that "[a]ny action on matters within the discretion of the Committee shall be final and conclusive as to all Beneficiaries and other persons claiming rights under the Plan" (*id.* at KCC00723, ¶ 8). This Committee administers COBRA coverage, including the determination of payment grace periods (Doc. 45, Exhibit G [O'Brien Depo.], pp. 41-42).[1]

The Court discussed the different standards of review appropriate for considering actions taken by the Committee in its previous Order (Doc. 59, pp. 4, 8-11) and finds no reason to repeat that discussion here. As Plaintiff has failed to show any conflict of interest in the Committee's administration of the Medical Plan, the Court finds that the arbitrary and capricious standard is the appropriate standard of review for it to use. *See Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1298 (5th Cir. 1995) (review of fiduciary's actions in COBRA case); *see generally*, *Torres v. Pittston Co.*, 346 F.3d 1324, 1328-29 (11th Cir. 2003) (citing *Brown v. Blue Cross and Blue Shield of Alabama*, 898 F.2d 1556 (11th Cir.

---

[1] The Court notes that O'Brien refers to the "Health and Welfare Committee" and not the "Salaried and Hourly Welfare Plan Committee" (Doc. 45, Exhibit G [O'Brien Depo.], pp. 41-42). The Court notes, however, that Plaintiff has posed no objection; therefore, the Court will presume that O'Brien mis-spoke in her testimony.

1990), *cert. denied*, 498 U.S. 1040 (1991) and *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989)).

The Court, in its prior Order, discussed the various notices that KC Medical provided Shirley which informed him that he must make timely payments to retain his COBRA coverage; the Court also discussed Plaintiff's tendering of a check which KC Medical returned to him, telling him it was late (Doc. 59, pp. 18-20).  The Court previously determined that a factual issue existed as to whether the check was timely tendered (*id.* at p. 21).  The Court now believes that that decision was in error and that it should, instead, decide whether Defendant's cancelling of Shirley's COBRA coverage was arbitrary and capricious.

The facts show that Plaintiff's check was dated January 2, 2003 although it was due on December 30, 2002 (Doc. 45, Exhibit D [Shirley Depo.], Ex. 20 at LS00720 and Ex. 19 at KCC00091).  Documents provided by KC Medical show that the check was postmarked on January 2, 2003 (Doc. 51, Exhibit 7, KCC000888) and that KC Medical treated it as such and denied Shirley continued COBRA coverage under COBRA regulations (*id.* at KCC00095 and KC00085).  As noted in the prior Order, Plaintiff, at best, offered vague assurances that he had mailed the check prior to the end of the year (Doc. 45, Exhibit D [Shirley Depo.], pp. 190-93).

After reconsideration, the Court finds that Defendant KC Medical's cancelling of Shirley's COBRA coverage was neither arbitrary nor capricious.  The evidence demonstrates that Plaintiff was apparently late with his payment and the policy was terminated.  Therefore, the Court finds that Defendants' Motion for Summary Judgment (Docs. 43, 44, 45, 48) should be **GRANTED** and Plaintiff's Motion for Summary Judgment (Docs. 46, 47, 49, 50, 51, 52) should be **DENIED** as to Plaintiff's COBRA claim.

In summary, the Motions filed by Plaintiff and Defendants, to the extent that they request reconsideration of this Court's April 15, 2005 Order (Doc. 49) are **GRANTED** (Docs. 63, 65).  However, after reconsideration, Plaintiff's Motion to Alter, Amend or Vacate (Doc. 63) is **DENIED** and Defendant KC Medical's Motion for Reconsideration (Doc. 65) is **GRANTED**: Defendants' Motion for Summary Judgment (Docs. 43, 44, 45, 48) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Docs. 46, 47, 49, 50, 51, 52) is **DENIED** as to Plaintiff's COBRA claim.  With this determination, all claims have been resolved in Defendants' favor and against Plaintiff.  Judgment will be entered by separate order.

DONE this 9th day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE